IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER MICHAEL CORWIN,      )
                         )
        Plaintiff,          )
                         )
      v.                  )          Case No. 3:15-cv-506-JPG-DGW
                         )
JOHN HECK, MICHAEL HARE, and NURSE, )
                         )
        Defendants.       )

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution filed by Defendants on May 28, 2015 (Doc. 32).   For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff filed a Complaint on June 10, 2014 in the United States District Court for the Central District of Illinois (Doc. 1).   When this matter was transferred to this District on May 4, 2015, at least 3 pieces of mail sent to Plaintiff by the Clerk's Office were returned to the Court as undeliverable (Docs. 10, 14, and 21).   The mail was sent to Plaintiff at his address on file at the Graham Correctional Center but was returned because Plaintiff had been discharged or paroled with no forwarding address.   On May 6, 2015, District Judge J. Phil Gilbert issued an Order informing Plaintiff of his obligation to keep the Court appraised of his address and warning that the failure to do so will result in dismissal for want of prosecution (Doc. 27).   Plaintiff has not

informed the Court of his current address and mail is still being returned as undeliverable (Docs. 28 and 29).   Plaintiff also has not informed Defendants of his current location and attempts to serve discovery have proven fruitless.

CONCLUSIONS OF LAW

Local Rule 7.1(b) provides that:

> All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location.   This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

Plaintiff was warned to the consequences of failing to notify the Clerk of Court of his current whereabouts.   Plaintiff has nonetheless failed to update his address.   Accordingly Plaintiff has failed to prosecute this action and it should be dismissed.   *See e.g. McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (noting that "even those who are pro se must follow court rules and directives").   This matter should further be dismissed, with prejudice, because Plaintiff has wholly failed to communicate with the Clerk thus making it impossible for the Court to effectively transmit Orders.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Prosecution be **GRANTED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**